IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 6:19CR60042-001 |
| | ) | |
| ALEXANDER MARTIN CURRY-FISHTORN | ) | |

## **PLEA AGREEMENT**

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this Agreement. The agreement of the parties is as follows:

### **PLEA OF GUILTY TO SUPERSEDING INDICTMENT**

1.    The Defendant, Alexander Martin CURRY-FISHTORN, hereby agrees to plead guilty to the two count Superseding Indictment, charging the Defendant with Interstate Violation of a Protection Order, in violation of Title 18, United States Code, Sections 2262(a)(1) and (b)(3) and Transporting Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(1) and (b)(1).

### **AGREEMENT REGARDING FORFEITURE**

2.    The Defendant, Alexander Martin CURRY-FISHTORN, hereby agrees to forfeit all rights, title and interest to the iPhone model A1921. The Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture

a.      The Defendant consents to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. The Defendant further agrees that upon entry of the preliminary order of forfeiture, such order will be considered final as to Defendant's interests in the property. The Defendant agrees to immediately withdraw any claims to property seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States. The Defendant agrees to execute any and all documents requested by the United States to facilitate or complete the forfeiture process. The Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property seized in connection with this case.

b.      The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

c.      The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.   The Defendant also agrees that the

forfeiture provisions of this Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

## ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEAS

3. The Defendant has fully discussed with defense counsel the facts of this case and the elements of the crimes to which the Defendant is pleading guilty. The Defendant has committed each of the elements of the crimes to which the Defendant is pleading guilty, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

a. On August 18, 2019, the Little Rock FBI office was contacted regarding a missing 16-year-old female, JANE DOE. JANE DOE had last been seen in Crown Point, Indiana on August 16, 2019. Agents were advised that she was believed to be with the defendant, Alexander Martin Curry-Fishtorn.

b. On that same date, law enforcement located JANE DOE and CURRY-FISHTORN at a residence on Military Road in Malvern, Arkansas, which is within the Western District of Arkansas, Hot Springs Division.

c. JANE DOE was interviewed and disclosed she had met CURRY-FISHTORN in January 2019 at a Marine recruiting center in Indiana. JANE DOE was 16-years-old when they met.

d. In May 2019, JANE DOE's mother applied for and was granted a Protection Order against CURRY-FISHTORN. The Protection Order was issued out of the Lake County Superior Court, Civil Division 7, in Lake County, Indiana on May 20, 2019 and prohibited CURRY-FISHTORN from having contact with JANE DOE. The Protection Order is in effect until May 20, 2021.

e. On August 16, 2019, while in Indiana, JANE DOE transported a friend

home from work in JANE DOE's vehicle. JANE DOE stated that after she dropped off the friend at approximately 9:30 p.m., JANE DOE's vehicle became disabled. JANE DOE stated CURRY-FISHTORN approached her in his Chevrolet Cobalt, exited the vehicle, and demanded she get into the Cobalt. When she attempted to walk to her friend's house, CURRY-FISHTORN picked her up, threw her over his shoulder, and put her in his vehicle. They drove for approximately 12 hours crossing state lines from Indiana to Arkansas. JANE DOE stated there was a gun sticking out of a bag in the backseat and CURRY-FISHTORN told her, "I have a gun, don't try anything." JANE DOE also stated that CURRY-FISHTORN removed the SIM card from his iPhone before they arrived in Arkansas.

f.      In September 2019, JANE DOE disclosed that CURRY-FISHTORN had taken pictures of her without her clothes on using his iPhone, including images that would constitute federal child pornography. CURRY-FISHTORN took the photos of JANE DOE that constitute images of child pornography when JANE DOE was under the age of 18. A federal search warrant was sought and obtained for the electronic devices seized from CURRY-FISHTORN. Analysis of CURRY-FISHTORN's iPhone revealed numerous images and videos of child pornography as defined by Title 18, United States Code, Section 2256(8). These images and videos were taken and placed on CURRY-FISHTORN's phone prior to CURRY-FISHTORN's travel to Arkansas in August 2019. These images and videos were present on CURRY-FISHTORN's phone when he traveled across state lines from Indiana to Arkansas, thus transporting the child pornography images in interstate commerce.

g.      The Defendant stipulates and agrees that he knew there was a valid Protection Order against him issued out of the state of Indiana from May 2019, which prohibited him from having contact with JANE DOE and that he traveled in interstate commerce from Indiana

to Arkansas with JANE DOE with the intent to engage in conduct violating the Protection Order, namely having contact with JANE DOE. Further, the Defendant stipulates and agrees that he traveled in interstate commerce from Indiana to Arkansas with his iPhone which contained images and videos of child pornography as defined by Title 18, United States Code, Section 2256(8) and that by doing so, he knowingly transported images of child pornography in interstate commerce from Indiana to Arkansas.

## ADVICE OF RIGHTS

4.    The Defendant hereby acknowledges that he has been advised of and fully understands the following constitutional and statutory rights:

a.    to have an attorney and if the Defendant cannot afford an attorney, to have one provided to him and paid for at the United States' expense;

b.    to persist in his plea of not guilty;

c.    to have a speedy and public trial by jury;

d.    to be presumed innocent until proven guilty beyond a reasonable doubt;

e.    to confront and examine witnesses who testify against him;

f.    to call witnesses on his behalf;

g.    to choose to testify or not testify and that no one could force the Defendant to testify; and,

h.    to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

5.    The Defendant hereby acknowledges that he understands with respect to each count to which he pleads guilty, he thereby WAIVES all of the rights listed as (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

6.    The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy

Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

7.      The Defendant hereby waives any claim under the Hyde Amendment, 18   U.S.C.

§ 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the

investigation or prosecution of this matter.

### EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

8.      The Defendant agrees that if after signing this Plea Agreement the Defendant

commits any crimes, violates any conditions of release, or fails to appear for sentencing, or if the

Defendant provides information to the Probation Office or the Court that is intentionally

misleading, intentionally incomplete, or intentionally untruthful, or if the Defendant violates any

term of this Plea Agreement, takes a position at sentencing which is contrary to the terms of this

Plea Agreement or attempts to withdraw from this Plea Agreement, this shall constitute a breach

of this Plea Agreement which shall release the United States from any and all restrictions or

obligations placed upon it under the terms of this agreement and the United States shall be free to

reinstate dismissed charges or pursue additional charges against the Defendant. The Defendant

shall, however, remain bound by the terms of the agreement, and will not be allowed to withdraw

this plea of guilty unless permitted to do so by the Court.

9.      The Defendant further agrees that a breach of any provisions of this Plea Agreement

shall operate as a WAIVER of Defendant's rights under Rule 11(f) of the Federal Rules of Criminal

Procedure and Rule 410 of the Federal Rules of Evidence and the United States shall be allowed

to use and to introduce into evidence any one or more of the following:

       a.      admissions against interest, both oral and written, made by the Defendant
              to any person;

       b.      statements made by the Defendant during his change of plea hearing;

       c.      the factual basis set forth in the Plea Agreement;

d.   any testimony given under oath in these proceedings or to a grand jury or a petit jury;

e.   any and all physical evidence of any kind which the Defendant has provided to the United States; and,

f.   any and all information provided by the Defendant to the United States' attorneys, or to federal, state, county, and/or local law enforcement officers.

## WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS

10.   In exchange for the United States' concessions in this Plea Agreement, the Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, as follows:

a.   the Defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

b.   the Defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

c.   the Defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the Defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 125 S. Ct. 738 (2005);

d.   the Defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct;

e.   the Defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the United States;

f.   the Defendant waives the right to appeal the District Court's determination of the amount of restitution and the Court's subsequent restitution order, if any; and

g.   the Defendant waives the right to appeal the District Court's determination of any forfeiture issues and the Court's subsequent forfeiture order, if any.

## MAXIMUM PENALTIES

11.   The Defendant hereby acknowledges that he has been advised of the maximum penalties for each count to which he is pleading guilty. By entering a plea of guilty to Counts One and Two of the Indictment, the Defendant agrees that he faces:

**Count One- Interstate Violation of a Protection Order**

a.   a maximum term of imprisonment for 10 years;

b.   a maximum fine of $250,000.00;

c.    both imprisonment and fine;

d.    a term of supervised release which begins after release from prison for not more than three years;

e.    a possibility of going back to prison if the Defendant violates the conditions of supervised release;

f.    a special assessment of $100.00; and,

g.    restitution as ordered by the Court.

## Count Two- Transportation of Child Pornography

a.    a maximum term of imprisonment for 20 years;

b.    a mandatory minimum term of imprisonment for 5 years;

c.    a maximum fine of $250,000.00;

d.    both imprisonment and fine;

e.    a term of supervised release which begins after release from prison for not less than five years or life;

f.    a possibility of going back to prison if the Defendant violates the conditions of supervised release;

g.    a special assessment of $100.00;

h.    a special assessment of $5,000.00 pursuant to 18 U.S.C. § 2014;

i.    a special assessment up to $35,000.00 pursuant to 18 U.S.C. § 2259A; and,

j.    restitution as ordered by the Court.

## CONDITIONS OF SUPERVISED RELEASE

12.    The Defendant acknowledges that if a term of supervised release is imposed as part of the sentence, the Defendant will be subject to the standard conditions of supervised release as recommended by the United States Sentencing Commission and may be subject to other special conditions of supervised release as determined by the Court. The standard conditions of supervised release are as follows:

a.    The Defendant shall report to the probation office in the federal judicial district where he is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the Defendant to report to a different probation office or within a different timeframe.

b.    After initially reporting to the probation office, the Defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the Defendant shall report to the probation officer as instructed.

c.    The Defendant shall not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation

officer.

d. The Defendant shall answer truthfully the questions asked by the probation officer.

e. The Defendant shall live at a place approved by the probation officer. If the Defendant plans to change where he lives or anything about his living arrangements (such as the people the Defendant lives with), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

f. The Defendant shall allow the probation officer to visit the Defendant at any time at his home or elsewhere, and the Defendant shall permit the probation officer to take any items prohibited by the conditions of the Defendant's supervision that he or she observes in plain view.

g. The Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the Defendant does not have full-time employment he shall try to find full- time employment, unless the probation officer excuses the defendant from doing so. If the Defendant plans to change where the Defendant works or anything about his work (such as the position or the job responsibilities), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

h. The Defendant shall not communicate or interact with someone the Defendant knows is engaged in criminal activity. If the Defendant knows someone has been convicted of a felony, the Defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

i. If the Defendant is arrested or questioned by a law enforcement officer, the Defendant shall notify the probation officer within 72 hours.

j. The Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or Tasers).

k. The Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

l. If the probation officer determines that the Defendant poses a risk to another person (including an organization), the probation officer may require the Defendant to notify the person about the risk and the Defendant shall comply with that instruction. The probation officer may contact the person and confirm that the Defendant has notified the person about the risk.

m. The Defendant shall follow the instructions of the probation officer related to the conditions of supervision.

## DEFENDANT'S ACKNOWLEDGMENT OF
## REQUIREMENT TO REGISTER AS A SEX OFFENDER

13.     I understand and acknowledge that I have been advised and understand that under

the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16901,

et seq., I must register and keep the registration current in each of the following jurisdictions:

where I reside; where I am an employee; and where I am a student. I understand that the

requirements for registration include providing my name, my residence address, and the names

and addresses of any places where I am or will be an employee or student, among other

information. I further understand that the requirement to keep the registration current includes

informing the jurisdiction where I reside, am employed or attend school no later than three business

days after any change of my name, residence, employment or student status. I have been advised

and understand that failure to comply with these obligations subjects me to prosecution for failure

to register under federal law in violation of Title 18, United States Code, Section 2250, which is

punishable by a fine or imprisonment or both.

## RESTITUTION

14.     The Defendant agrees to pay full restitution to all victims of the offenses to which

the Defendant is pleading guilty, to all victims of any offenses dismissed as a result of this Plea

Agreement, and for all losses caused by the Defendant's criminal conduct even if such losses

resulted from crimes not charged in the Indictment or Information or admitted to by the Defendant

in the factual statement. The Defendant acknowledges and agrees that all restitution as agreed to

above shall be governed by the provisions of the Mandatory Victims Restitution Act, 18   U.S.C.

§ 3663A. The Defendant understands full restitution will be ordered regardless of Defendant's

financial resources. The Defendant further understands the restitution will be determined by the

Court. The Defendant agrees to cooperate in efforts to collect the restitution obligation, by any

means the United States deems appropriate and agrees to waive any defense or objections to  any

action to enforce the collection of the restitution. The Defendant understands imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action. The Defendant acknowledges that any restitution imposed is not dischargeable in any bankruptcy proceeding pursuant to 18 U.S.C. § 3613(e).

## RESTITUTION PURSUANT TO 18 U.S.C. § 2259

15.     The Defendant agrees and acknowledges that victim restitution in this case is governed by the provisions of 18 U.S.C. § 2259 and will be calculated during the preparation of the PSR and finally determined by the court at the sentencing hearing. The Defendant acknowledges that restitution imposed is not dischargeable in any bankruptcy proceeding pursuant to 18 U.S.C. § 3613(e). (Revised 7-27-15)

## AGREEMENT TO PROVIDE FINANCIAL INFORMATION

16.     The Defendant agrees that no later than thirty (30) days after the change of plea, the Defendant shall complete the financial disclosure statement and the accompanying releases provided by the United States Attorney's Office and deliver them to the United States Probation Office and the United States Attorney's Office. This financial disclosure statement is sworn by the defendant to be true and correct under penalty of perjury. The Defendant agrees that his failure to truthfully and fully complete the financial disclosure statement and accompanying releases may result in the Government objecting to the Defendant receiving a reduction for acceptance of responsibility.

## PAYMENT OF MONETARY PENALTIES

17.     The Defendant agrees that monetary penalties to include special assessments, fine, and/or restitution imposed by the Court will be (i) subject to immediate enforcement as provided in 18 U.S.C. § 3613c, and (ii), submitted to the Treasury Offset Program so that any federal

payment such as an income tax refund or transfer of returned property the defendant receives may be offset and applied to federal debt without affecting the periodic payment schedule ordered by the Court.

## NO OTHER CHARGES

18.     The United States agrees that no other federal charges, which stem from the activities described in the Superseding Indictment, will be brought against the Defendant in the Western District of Arkansas.

### SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

19.     The parties acknowledge that the Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the Defendant to any sentence within the statutory range.

### AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

20.     The Defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The Defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the District Court. Further, the Defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the Defendant agrees that this does not give him the right to withdraw his plea of guilty.

### RELEVANT CONDUCT CONSIDERED

21.     At the sentencing hearing, the United States will be permitted to bring to the Court's

attention, and the Court will be permitted to consider, all relevant information with respect to the Defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

22.     In the event that it is determined that the Defendant has not been truthful with the Court as to any statements made while under oath, this Plea Agreement shall not be construed to protect the Defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE UNITED STATES

23.     The United States agrees not to object to a recommendation by the Probation Office or a ruling of the Court which awards the Defendant an appropriate-level decrease in the base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater and the Court accepts a recommendation in the Presentence Report that the Defendant receive two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points. However, the United States will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if the Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following a) falsely denies, or makes a statement materially inconsistent with, the factual basis set forth in this agreement, b) falsely denies additional relevant conduct in the offense, c) is untruthful with the United States, the Court or probation officer, or d) materially breaches this Plea Agreement in any way.

## UNITED STATES' RESERVATION OF RIGHTS

24.     Although the United States agrees not to object to certain findings by the Probation

Office or to rulings of the Court, it reserves the right to:

a.     make all facts known to the Probation Office and to the Court;
b.     call witnesses and introduce evidence in support of the Presentence Report;
c.     contest and appeal any finding of fact or application of the Sentencing Guidelines;
d.     contest and appeal any departure from the appropriate Guideline range; and,
e.     defend all rulings of the District Court on appeal including those rulings which may be contrary to recommendations made or positions taken by the United States in this Plea Agreement which are favorable to the Defendant.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

25.     The United States' concessions on sentencing options are non-binding and made

pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. As a result, if the Court

should reject the Defendant's requests or recommendations for certain findings of fact or

applications of the Guidelines, the Defendant acknowledges that there is no right to withdraw the

guilty plea.

## AGREEMENT NOT BINDING ON THE COURT

26.     The parties agree that nothing in this Agreement binds the District Court to:

a.     make any specific finding of fact;
b.     make any particular application of the Sentencing Guidelines;
c.     hand down any specific sentence;
d.     accept any stipulation of the parties as contained in this Plea Agreement; and,
e.     accept this Plea Agreement.

27.     The United States and the Defendant acknowledge that the Court has an obligation

to review the Presentence Report before it accepts or rejects this Plea Agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

28.     The parties agree that this Plea Agreement does not bind any governmental entity

other than the United States Attorney's Office for the Western District of Arkansas.

## ABANDONMENT OF PROPERTY

29.    The Defendant agrees to abandon any interest he may have in the Glock 9mm handgun which was seized and retained as evidence pursuant to the search warrant executed on August 22, 2019. The Defendant further consents to the destruction of the same by the Federal Bureau of Investigation.

## SPECIAL ASSESSMENT

30.    The Defendant agrees to pay $200.00 as the special assessment in this case.

## ADDITIONAL SPECIAL ASSESSMENTS

31.    The Defendant agrees to pay an additional special assessment of $5000.00 for the count of conviction involving violation of Title 18, United States Code, Section 2252A unless the court finds that the Defendant is indigent. Additionally, the Defendant agrees to pay a special assessment of up to $35,000.00 for the count of conviction involving Title 18, United States Code, Section 2252A.

## REPRESENTATIONS BY DEFENDANT

32.    By signing this Plea Agreement, the Defendant acknowledges that:

    a.    The Defendant has read this Agreement (or has had this Agreement read to him) and has carefully reviewed every part of it with defense counsel.

    b.    The Defendant fully understands this Plea Agreement and is not under the influence of anything that could impede the Defendant's ability to fully understand this Plea Agreement.

    c.    No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this Plea Agreement.

    d.    The Defendant is satisfied with the legal services provided by defense counsel in connection with this Plea Agreement and matters related to it.

    e.    The Defendant has entered into this Plea Agreement freely, voluntarily, and without reservation and the Defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the Defendant or anyone connected with the Defendant.

**REPRESENTATIONS BY DEFENSE COUNSEL**

33.     By signing this Plea Agreement, counsel for the Defendant acknowledges that:

   a.     Counsel has carefully reviewed every part of this Agreement with the Defendant and this Agreement accurately and completely sets forth the entire agreement between the United States and the Defendant.
   b.     Counsel has explained the ramifications of the Plea Agreement to the Defendant, and believes that the Defendant understands this Plea Agreement, what rights are being lost by pleading guilty, and what the United States has agreed to do in exchange for the plea of guilty.
   c.     Counsel believes that the Defendant's decision to enter into this Agreement is an informed and voluntary one.

**PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT**

34.     The Defendant and his attorney both acknowledge that this Plea Agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the Defendant to change his plea to guilty.

Dated this 13th day of ____May____, 2021.

_Alexander Fishtorn_
Alexander Martin Curry-Fishtorn
Defendant

_Thomas Godfrey_
Thomas Godfrey
Attorney for Defendant

DAVID CLAY FOWLKES
ACTING UNITED STATES ATTORNEY

By:     _Carly Marshall_
        Carly Marshall
        Assistant U.S. Attorney